IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID CALLAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-03-551-F |
| | ) | |
| SANDRA ATWOOD, DR. JACK | ) | |
| GREGSTON, DR. MARK FOGLE, | ) | |
| SGT. JOHNSON, DENNIS COTNER, | ) | |
| and LAWTON CORRECTIONAL | ) | |
| FACILITY, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION
ON MOTION FOR DISMISSAL**

Defendants Poppell, Champion, Atwood, Fogle, Gregston, Glenn, Posvic, Johnson, Wilkerson, Armstrong, Simon, Storms, Willis and Lawton Correctional Facility have moved for dismissal for noncompliance with a show cause order and failure to exhaust administrative remedies.  The Court should overrule the motion.

Background

After the filing of numerous versions of the complaint, the Court obtained counsel for the Plaintiff at his request.  The attorney then filed a third amended complaint.  Shortly thereafter, the Plaintiff filed a *pro se* pleading stating his desire to omit many of the claims that had appeared in the third amended complaint.  The Court issued a show cause order, and the Plaintiff's attorney clarified that he wanted to withdraw all of the claims except the one involving violation of the Eighth Amendment based on the denial of a wheelchair.  The

Plaintiff's attorney then requested leave to file a fourth amended complaint to specify the nature of the sole remaining claim.  The Defendants did not object and the Court permitted the filing of a fourth amended complaint.

<u>Failure to Comply with the Show Cause Order</u>

The motion to dismiss is moot with respect to Defendants Poppell, Champion, Glenn, Posvic, Wilkerson, Armstrong, Simons, Storms, and Willis.  These individuals were included in the third amended complaint, but are not in the fourth amended complaint.  As a result, these persons are no longer parties to the suit.

The Court should reject the argument by Defendants Atwood, Fogle, Gregston, Johnson, and the Lawton Correctional Facility because the Plaintiff's attorney complied with the show cause order.  The Court ordered Plaintiff's counsel "to clarify whether Mr. Callahan ha[d] agreed to the inclusion of" claims involving forced lifting of heavy mop buckets, denial of a urinal or medication for a bladder infection, denial of access to MRIs, violent jerking of the neck and head, concealment of test results, inadequate investigation and training, denial of access to hygiene items and clothing, attempted coercion into signing a medical waiver, failure to investigate, placement on grievance restriction, interference with grievance submissions, and violations of the First Amendment and the Americans with Disabilities Act.  Order to Show Cause at pp. 2-3 (Nov. 17, 2005).  The Plaintiff's attorney unambiguously complied with the order, stating: "Plaintiff does not agree to the inclusion of new claims included in the third amended complaint, and requests that all claims be dismissed except for

2

the Eighth Amendment claim relating to the denial of a wheelchair." Plaintiff's Response to Order to Show Cause (Nov. 25, 2005).

The Court added in the show cause order: "If Mr. Callahan and Mr. Stiger agree to the addition of the claims, the Plaintiff shall show cause why the entire complaint should not be dismissed based on a lack of total exhaustion." Order to Show Cause at p. 3 (Nov. 17, 2005). Because Mr. Callahan did not agree to the additional claims, there was nothing further for the Plaintiff's attorney to do.

According to the moving defendants, the response was ambiguous because the Plaintiff had asserted multiple claims involving the denial of a wheelchair. But these claims were in the third amended complaint and the Court did not require clarification of them. Nonetheless, the Plaintiff's attorney requested and obtained leave to file a fourth amended complaint, clarifying the wheelchair claims in the event that any ambiguity existed. The Plaintiff's attorney clearly complied with the show cause order, and the Defendants' argument to the contrary is untenable.

Nonexhaustion of Some Claims

The movants also argue that the third amended complaint contains some claims that are unexhausted. *See* 42 U.S.C. § 1997e(a). This argument is invalid. Prior to filing the motion, the Plaintiff's attorney had requested dismissal of "all claims . . . except for the Eighth Amendment claim relating to the denial of a wheelchair." Plaintiff's Response to Order to Show Cause (Nov. 25, 2005). Defendants Atwood, Fogle, Gregston, Johnson, and

Lawton Correctional Facility have never argued a failure to exhaust the Eighth Amendment claims for the denial of a wheelchair.  *See* Defendants Poppell, Champion, Atwood, Fogle, Gregston, Glenn, Cotner, Posvic, Tipps, Johnson, Wilkerson, Armstrong, Simon, Storm, Willis and Lawton Correctional Facility's Motion for Summary Judgment and Brief in Support at pp. 16-18 (Oct. 17, 2005).  Apparently the movants are relying on the presence of other, unexhausted claims in the third amended complaint.  They have disappeared with the filing of the fourth amended complaint and the Defendants' argument is no longer valid.

<u>Summary and Notice of Right to Object</u>

The Court should overrule the motion to dismiss filed by Defendants Poppell, Champion, Atwood, Fogle, Gregston, Glenn, Posvic, Johnson, Wilkerson, Armstrong, Simon, Storms, Willis and Lawton Correctional Facility.   For Defendants Poppell, Champion, Glenn, Posvic, Wilkerson, Armstrong, Simons, Storms, and Willis, the motion is moot because they are not included in the fourth amended complaint.  The motion to dismiss is invalid with respect to the remaining defendants.

Any party may file written objections to this report and recommendation.  Objections, if any, are to be filed with the Clerk of the United States District Court by February 21, 2006. *See* 28 U.S.C. § 636(b)(1); W.D. Okla. LCvR 72.1(a).  If a party does not file written objections, he would waive appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is not terminated.

Entered this 31st day of January, 2006.


Robert E. Bacharach
United States Magistrate Judge