IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID CALLAHAN, )<br>)<br>　　　Plaintiff, )<br>)<br>v. )<br>)<br>SANDRA ATWOOD, DR. JACK )<br>GREGSTON, DR. MARK FOGLE, )<br>SGT. JOHNSON, DENNIS COTNER, )<br>and LAWTON CORRECTIONAL )<br>FACILITY, )<br>)<br>　　　Defendants. ) | Case No. CIV-03-551-F |

## **REPORT AND RECOMMENDATION**

Plaintiff David Callahan is a state prisoner and brings the present action under 42 U.S.C. § 1983 for violation of the Eighth Amendment. Fourth Amended Complaint, *passim* (Jan. 31, 2006) (Doc. 255) ("Fourth Amended Complaint"). The defendants consist of Sandra Atwood, Jack Gregston, Mark Fogle, Sgt. Johnson, Dennis Cotner,[1] and the Lawton Correctional Facility ("LCF").[2]

---

[1] In the Fourth Amended Complaint, the Plaintiff did not specify whether he was alleging claims against Ms. Atwood, Mr. Gregston, Sgt. Johnson, and Mr. Cotner in their official or individual capacities. But in a telephonic conference on January 19, 2006, the Plaintiff's attorney stated that he was intending to assert claims in both capacities. As a result, the Court should construe the complaint to include claims against all of the individual defendants in their personal and official capacities. *See*, *e.g.*, *Ortega v. Gonzales*, 17 F.3d 1437, 1994 WL 47162, Westlaw op. at 2 (10th Cir. Feb. 17, 1994) (unpublished op.) (construing the complaint to allege claims against the defendants in their individual and official capacities when the inmate did not specify).

[2] Mr. Callahan seeks damages from the Oklahoma Department of Corrections, but does not name this entity as a defendant. Fourth Amended Complaint at p. 3. In connection with the third amended complaint, Mr. Callahan had conceded the department's entitlement to summary judgment. *See* Plaintiff's Response to DOC Defendants' Motion for Summary Judgment and Brief in

Defendants Atwood, Gregston, Fogle, Johnson and the Lawton Correctional Facility have moved for summary judgment on the Eighth Amendment claim. Defendants Poppell, Champion, Atwood, Fogle, Gregston, Glenn, Cotner, Posvic, Tipps, Johnson, Wilkerson, Armstrong, Simon, Storm, Willis, and Lawton Correctional Facility's Motion for Summary Judgment and Brief in Support at pp. 6-9, 22-23 (Oct. 17, 2005) (Doc. 223) ("LCF Defendants' Dispositive Motion"). The Court should grant summary judgment on the Eighth Amendment claims.

Defendant Cotner has: (1) moved for summary judgment on the Eighth Amendment claims, and (2) urged Eleventh Amendment immunity in his official capacity. DOC Defendants' Amended Motion for Summary Judgment and Brief in Support at pp. 4-11 (Oct. 24, 2005) (Doc. 228) ("DOC Defendants' Dispositive Motion"); LCF Defendants' Dispositive Motion at pp. 6-9.[3] The Court should hold that the official capacity claims are foreclosed under the Eleventh Amendment and grant summary judgment to Mr. Cotner in his personal capacity.

---

Opposition at p. 11 (Nov. 11, 2005) (Doc. 233) ("Plaintiff concedes that summary judgment should be granted to the Department of Corrections").

[3]  Defendants Atwood, Gregston, Fogle, Cotner, Johnson, and the Lawton Correctional Facility have also requested summary judgment and dismissal on other claims. LCF Defendants' Dispositive Motion at pp. 7-21; DOC Defendants' Dispositive Motion at pp. 7-9. After the LCF Defendants filed their dispositive motion, the Plaintiff limited the action to the Eighth Amendment claim involving the denial of a wheelchair. *See* Fourth Amended Complaint, *passim*. Accordingly, the Court need not address the Defendants' other arguments.

I.      FACTUAL BACKGROUND

Mr. Callahan fell and injured himself at LCF. *See* Plaintiff's Response to Defendants' Poppell, Champion, Atwood, Fogle, Gregston, Glenn, Cotner, Posvic, Tipps, Johnson, Wilkerson, Armstrong, Simon, Storm, Willis and Lawton Correctional Facility's Motion for Summary Judgment and Brief in Opposition, Exh. 2, Deposition of David Callahan, Vol. I, pp. 44-46 (Nov. 4, 2005) (Doc. 232) ("Plaintiff's Response to LCF Defendants' Dispositive Motion"). The next day, Mr. Callahan attempted to obtain a wheelchair, but Defendant Sandra Atwood denied the request. *See id.*, Exh. 2, Deposition of David Callahan, pp. 57-58; *Id.*, Exh. 6. Approximately two weeks later, Dr. Jack Gregston examined the Plaintiff and, unaware of Ms. Atwood's prior denial, ordered a wheelchair. *See id.*, Exh. 3, Deposition of Dr. Jack Gregston, pp. 30, 36-37. Dr. Gregston rescinded the order after learning of Ms. Atwood's prior denial. *See id.*, Exh. 3, Deposition of Dr. Jack Gregston, pp. 30-31; *see id.*, Exh. 10. Subsequently, Mr. Callahan was referred to orthopedist Dr. Ron Jones. *See id.*, Exh. 3, Deposition of Dr. Jack Gregston, p. 32. Dr. Jones examined the Plaintiff and ordered a wheelchair. *See id.*, Exh. 3, Deposition of Dr. Jack Gregston, p. 34.

Mr. Callahan alleges deliberate indifference to serious medical needs through the denial of a wheelchair. Fourth Amended Complaint, *passim*. He seeks damages as the sole form of relief. *Id.* at p. 3.

II.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment is necessary when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court makes this determination by viewing the evidence in the light most favorable to the non-movant. *See*, *e.g.*, *Faustin v. City*, 423 F.3d 1192, 1198 (10th Cir. 2005). But when only one reasonable outcome exists, summary judgment is necessary. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

III.    THE OFFICIAL CAPACITY CLAIMS: ELEVENTH AMENDMENT IMMUNITY FOR DEFENDANT COTNER

In his official capacity, Mr. Cotner enjoys immunity under the Eleventh Amendment.

The Eleventh Amendment bars suit in federal court against a State by citizens of another state or by the State's own citizens. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). When a suit names a state official as a defendant, the Eleventh Amendment bars the action "if the state is the real, substantial party in interest." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001).

Eleventh Amendment immunity involves this Court's subject-matter jurisdiction,[4] and Mr. Cotner raises the issue based solely on allegations in the complaint. In this situation, the

---

[4] *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

Court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

Remedies designed to compensate individuals for past violations are unavailable in federal court under the Eleventh Amendment. *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). This principle applies when the requested relief involves damages. *See id.* at 278.

An exception exists when Eleventh Amendment immunity has been waived by the state or abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003). But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, the Eleventh Amendment forecloses any cause of action against Defendant Cotner for monetary damages in his official capacity. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 120 (1984). The Court should dismiss this claim without prejudice to refiling.[5]

---

[5]   Eleventh Amendment immunity forecloses suit in federal court, but does not bar litigation in state court. *See State of Maine v. Thiboutot*, 448 U.S. 1, 9 n.7 (1980). Thus, dismissal on grounds of the Eleventh Amendment should ordinarily be without prejudice to assertion of the claim in state court. *See Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489, 1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

The suggested dismissal would leave the Plaintiff's Eighth Amendment claims against Defendant Cotner in his individual capacity and against the remaining defendants in their personal and official capacities.

IV.    THE EIGHTH AMENDMENT CLAIM

Mr. Callahan characterizes the denial of a wheelchair as a violation of the Eighth Amendment. *See supra* p. 3. All defendants urge summary judgment on this claim due to the lack of evidence regarding deliberate indifference. DOC Defendants' Dispositive Motion at pp. 4-7; LCF Defendants' Dispositive Motion at pp. 6-9. The Defendants are correct.

A.    Scope of Protection Under the Eighth Amendment

The Eighth Amendment prohibits governmental officials from displaying deliberate indifference to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976); *see also White v. State of Colorado*, 157 F.3d 1226, 1233-34 (10th Cir. 1998) (holding that deliberate indifference to a prisoner's medical needs constitutes a violation of the Eighth Amendment). "The two-pronged *Estelle* standard 'requires deliberate indifference on the part of prison officials . . . .'" *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978)). "Deliberate indifference" to medical needs "is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). However, a cause of action does not exist when the plaintiff was misdiagnosed or treated in an inadequate manner. *See Daniels v. Gilbreath*, 668 F.2d 477,

6

482 (10th Cir. 1982). Thus, liability under Section 1983 cannot be based solely on disagreement regarding treatment between a prisoner and officials. *See*, *e.g.*, *Smart v. Villar*, 547 F.2d 112, 113-14 (10th Cir. 1976).

    B.    <u>Denial of a Wheelchair</u>

One may assume that the Plaintiff's alleged needs for a wheelchair should be considered "serious".[6] But even with this assumption, Mr. Callahan has not presented evidence of deliberate indifference in the denial of a wheelchair. The undisputed facts reflect that the Plaintiff had: (1) repeatedly seen medical staff;[7] (2) obtained laboratory work, a CAT scan, an X-ray, and an MRI;[8] (3) obtained several referrals to outside hospitals and doctors;[9] (4) undergone physical therapy at a hospital;[10] (5) undergone a consultative examination by

---

[6] A medical need is considered "serious" if a physician has diagnosed it as requiring treatment or a layperson would recognize the need for a doctor's attention. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

[7] *See* Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Exh. B-C, H-J, L-M (Dec. 17, 2003) (Doc. 57) ("LCF Defendants' Special Report"); Plaintiff's Response to LCF Defendants' Dispositive Motion, Exh. 2, Deposition of David Callahan, Vol. I, pp. 48-49.

[8] *See* LCF Defendants' Special Report, Exh. B-C, G, I at p. 1, N at pp. 2, 3; Plaintiff's Response to LCF Defendants' Dispositive Motion at p. 4, Exh. 2, Deposition of David Callahan, Vol. I, pp. 63-64.

[9] *See* LCF Defendants' Special Report, Exh. G, I at p. 2, L; Plaintiff's Response to LCF Defendants' Dispositive Motion, Exh. 2, Deposition of David Callahan, Vol. I, p. 64; Exh. 3, Deposition of Dr. Jack Gregston, pp. 31-34.

[10] *See* LCF Defendants' Special Report, Exh. H, I at pp. 1-3.

an orthopedic physician;[11] (6) obtained pain medication,[12] crutches,[13] and a walker;[14] (7) stayed in the medical infirmary for a period of time;[15] and (8) obtained special accommodations for his cell.[16]

Two physicians also testified without dispute about the medical basis for the denial of a wheelchair. For example, Dr. Mark Fogle testified that he had been concerned that a wheelchair would "invalidize[]" Mr. Callahan through inactivity. LCF Defendants' Dispositive Motion, Exh. 2. Although Dr. Jack Gregston recommended a wheelchair, he acknowledged that the ultimate decision "was to protect" Mr. Callahan because it could have resulted in the inability to walk. LCF Defendants' Dispositive Motion, Exh. 1.

The undisputed evidence forecloses the existence of a genuine issue of material fact on the element of deliberate indifference to Mr. Callahan's medical needs. The parties disagree over the need for a wheelchair, but the difference of opinion does not implicate the federal constitution. *See supra* pp. 6-7.[17]

---

[11]    *See* Plaintiff's Response to LCF Defendants' Dispositive Motion at p. 4.

[12]    *See* LCF Defendants' Special Report, Exh. B-C, H-J, L.

[13]    *See* LCF Defendants' Special Report, Exh. B-C.

[14]    *See* LCF Defendants' Special Report, Exh. I at pp. 1-2.

[15]    *See* LCF Defendants' Special Report, Exh. E.

[16]    *See* LCF Defendants' Special Report, Exh. K.

[17]    The Plaintiff relies on *Hunt v. Uphoff*, 199 F.3d 1220 (10th Cir. 1999). There the district court dismissed an Eighth Amendment claim after determining that the plaintiff's allegations had amounted to a mere disagreement regarding his medical treatment. *See Hunt v. Uphoff*, 199 F.3d at 1223. The Tenth Circuit Court of Appeals reversed, holding that the plaintiff had sufficiently

Many courts have held that prison officials are entitled to summary judgment on Eighth Amendment claims involving the denial of a wheelchair when medical care is provided.[18]

The Tenth Circuit Court of Appeals addressed a similar issue in *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134 (10th Cir. 2005). There a prisoner claimed in part that a physician had violated the Eighth Amendment through a failure to provide a wheelchair. *See Fitzgerald v. Corrections Corporation of America*, 403 F.3d at 1136. The Tenth Circuit Court of Appeals held that the physician was entitled to summary judgment. *Id.* at 1143. Quoting *Estelle v. Gamble*, the federal appellate court concluded that

---

alleged deliberate indifference. *Id.* at 1224. *Hunt v. Uphoff* is not determinative. The present evidence reflects a simple difference in medical opinion over the need for a wheelchair. *See supra* pp. 6-7. Even if the Defendants should have provided the wheelchair, the erroneous judgment would not have constituted deliberate indifference. *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).

[18]   *See Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995) (upholding summary judgment for prison officials on an Eighth Amendment claim, as "a reasonable jury could not conclude that [the] correctional officers exhibited deliberate indifference to [the inmate's] medical needs by failing to return his wheelchair to him"); *Todd v. Walters*, 2006 WL 73132, Westlaw op. at 2 (3d Cir. Jan. 12, 2006) (unpublished op.; *per curiam*) (holding that the defendants were entitled to summary judgment on a prisoner's claim involving the denial of a wheelchair based on the absence of evidence of deliberate indifference); *Gilbert v. Frazier*, 932 F.2d 971, 1991 WL 79080, Westlaw op. at 2 (7th Cir. May 16, 1991) (unpublished op.) (holding that the defendants were entitled to summary judgment on a prisoner's claim involving the denial of a wheelchair, reasoning that the determination was based on a physician's "medical judgment that walking would not result in injury"); *Palermo v. Correctional Medical Services, Inc.*, 133 F. Supp. 2d 1348, 1361 (S.D. Fla. 2001) (holding that a doctor was entitled to summary judgment because his denial of a wheelchair for a prisoner was "a clear example of a medical judgment . . . that *Estelle* held would not amount to deliberate indifference" (citation omitted)); *Garcia v. Senkowski*, 919 F. Supp. 609, 614-16 (N.D. N.Y. 1996) (granting summary judgment to prison officials on an Eighth Amendment claim involving the denial of a wheelchair based on a belief that it was medically necessary).

the doctor's alleged conduct "did not amount to an act or omission 'sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Under *Fitzgerald v. Corrections Corporation of America*, this Court should grant summary judgment to all defendants on the Eighth Amendment claims that would otherwise survive under the Eleventh Amendment. Mr. Callahan unquestionably obtained medical attention for his ailments, and his complaints about the lack of a wheelchair do not suggest deliberate indifference to his condition.

V.   SUMMARY OF RECOMMENDATIONS

The Court should make three rulings.

First, under the Eleventh Amendment, the Court should dismiss without prejudice the official capacity claims against Defendant Cotner.

Second, the Court should grant summary judgment to Defendants Atwood, Gregston, Fogle, and Johnson in their personal and official capacities.

Finally, the Court should award summary judgment to the Lawton Correctional Facility and to Mr. Cotner in his personal capacity.

VI.   NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000); W.D. Okla. LCvR 72.1. Any such objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is February 20, 2006. *See* W.D.

Okla. LCvR 72.1(a). The failure to timely object to this report and recommendation would waive one's right to appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

VII. STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 31st day of January, 2006.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge